**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| W.P., a minor, by and through his parents and guardians KATHRYN PIERCE and CHESTER PIERCE, on behalf of themselves and similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHEM INSURANCE COMPANIES, INC., an Indiana corporation,<br><br>Defendant. | NO. |

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

For years, children suffering from severe autism had few therapeutic options for meaningful improvement.  Treatment options were limited and largely unproven.  Today, however, Applied Behavioral Analysis (ABA) therapy is widely recognized as one of the safest and most effective treatments for autism.  It has been endorsed by numerous state and federal agencies, including the U.S. Surgeon General, the National Institute of Mental Health, the American Psychological Association, and many state Departments of Health.  For many children with autism, ABA therapy often represents the best chance for living a happy and productive life.

For ABA therapy to be effective, however, it cannot be a half-measure.  Forty years of research and thousands of studies have shown that for ABA therapy to work, an autistic child must follow a medically-appropriate ABA program.  Such a program typically consists of up to 40 hours per week of intensive one-on-one teaching.

This case involves W.P., a 12 year-old child who suffers from severe autism.  W.P. has limited verbal skills—he can say approximately five to ten words.  He is able to walk but cannot

navigate stairs without assistance.  And he frequently exhibits repetitive, stereotypic behaviors including rocking, flapping his arms and hands, and heavy breathing.

W.P.'s treating physician has prescribed ABA therapy to treat W.P.'s autism.  W.P.'s certified ABA therapist designed a treatment plan for W.P. that requires 40 hours of ABA therapy per week.  This therapy is medically necessary to treat W.P.'s autism.  When W.P. began the ABA treatment plan designed by his therapist, W.P.'s parents observed almost immediate improvements in W.P.'s ability to walk, use words, and respond appropriately to prompts.  His stereotypic behaviors also decreased.

Despite this dramatic improvement, in July 2013, Anthem Insurance Companies denied W.P.'s therapist's request for authorization of 40-hours of ABA therapy per week and reduced the number of authorized hours to 25.  In July 2014, Anthem further reduced the number of authorized hours to 20.  In denying W.P.'s request for benefits, Anthem sent W.P. and his family letters explaining its coverage decisions.  Anthem wrote that it would not "approve ABA therapy to take the place of services that can be done through the school."

As a factual matter, Anthem's determination that clinical ABA therapy is available through public schools is wrong.  But Anthem's determination also reveals a larger, more disconcerting problem: Anthem has adopted an unlawful policy or practice of limiting coverage for ABA therapy to treat autism.  As a result, Plaintiff W.P. and other Indiana children insured by Anthem have been denied access to medically-necessary ABA therapy to treat their autism.

Anthem's policy and practice of limiting coverage for ABA therapy for school-aged children with autism violates the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, because it fails to comply with Indiana law and the federal Mental Health Parity Act.

## I.      PARTIES

1.1      Plaintiffs.  Plaintiff W.P., a minor, and his parents, Plaintiffs Kathryn and Chester Pierce, are residents of Elkhart County, Indiana.

1.2     W.P.'s health insurance is provided by his father's employer.  W.P. is a beneficiary, as defined by 29 U.S.C. § 1002(8), of an "employee welfare benefits plan" ("Plan"), as defined by 29 U.S.C. § 1002(1).

1.3     <u>Defendant</u>.  Defendant Anthem Insurance Companies, Inc. ("Anthem") is an Indiana insurance corporation engaged in the business of insurance in Indiana.

1.4     Anthem is both the insurer and claims administrator for the Plan.

1.5     At all relevant times, Anthem acted as a fiduciary under ERISA, as defined by 29 U.S.C. § 1002(21)(A).

## II.     JURISDICTION AND VENUE

2.1     <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiffs' claims under 29 U.S.C. § 1132(e)(1).

2.2     <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendant because Anthem transacts business in Elkhart County, Indiana.

2.3     <u>Venue</u>.  Venue is proper in the District of Indiana under 29 U.S.C. § 1132(e)(2) because Anthem resides in Indiana and the breach took place in Indiana.

## III.     AUTISM AND ABA THERAPY

3.1     Autism spectrum disorders, also referred to as pervasive developmental disorders, are neurological conditions characterized by "persistent deficits in social communication and social interaction across multiple contexts" and "restricted, repetitive patterns of behavior, interests, or activities."  Am. Psychiatric Ass'n, Autism Spectrum Disorder, Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013) ("DSM-V").  In order for a child to be diagnosed with autism, symptoms must be present in early developmental periods and cause "clinically significant impairment in social, occupational, or other important areas of current functioning."  *Id.*

3.2     According to the most recent estimates from the Centers for Disease Control and Prevention, one in every sixty-eight American children has been diagnosed with an autism

spectrum disorder.  *See* CDC, *Prevalence of Autism Spectrum Disorder Among Children Aged 8 Years*, Morbidity and Mortality Weekly Report (Mar. 28, 2014), *available at* http://www.cdc.gov/mmwr/preview/mmwrhtml/ss6302a1.htm?s_cid=ss6302a1_w.

     3.3     Applied Behavioral Analysis ("ABA") therapy is widely accepted as the most effective form of therapy for autistic children.  Caroline Giordano, *Uses of the Class Action Device in Autism Health Benefits Litig.*, 58 Wayne L. Rev. 157, 161 (2012).  ABA therapy is a form of behavioral conditioning that "involves repetitive, task-and-reward-based activities designed to teach children skills such as imitating others, making eye contact, listening, and appropriately answering questions."  *Id.*

## IV.   INDIANA'S AUTISM COVERAGE MANDATE

     4.1     In 2001, Indiana adopted one of the most comprehensive autism coverage mandates in the country.  *See* Ind. Code §§ 27-8-14.2, 27-13-7-14.7.  Indiana's autism coverage mandate requires insurers to cover treatment for autism that is prescribed by a physician as part of a treatment plan, and the mandate prohibits insurers from limiting autism coverage with special caps or deductibles.  *Id.*

     4.2     Insurers may review a physician's treatment plan for medical necessity.  Ind. Dep't of Ins., Bulletin 136, *Insurance Coverage for Pervasive Developmental Disorders*, at 1 (Mar. 30, 2006).  An insurer must consult with the treating physician when reviewing a treatment plan for medical necessity.  *Id.* at 1–2.  An insurer's challenge to medical necessity "will be viewed as reasonable only if the review is by a specialist in the treatment of [pervasive developmental disorders]."  *Id.* at 1.

     4.3     ERISA requires Anthem to process and administer the insurance plans it provides in a manner that complies with the requirements of non-preempted state insurance mandates like Indiana's autism coverage mandate.

     4.4     Anthem's policy and practice of limiting the number of hours of clinical ABA therapy that Anthem will cover for children age seven or older based on the purported

availability of similar "educational" services in public schools violates Indiana's autism coverage mandate.

## V.      THE FEDERAL MENTAL HEALTH PARITY ACT

5.1      The Paul Wellstone and Pete Dominici Mental Health Parity and Addiction Equity Act of 2008 ("Federal Parity Act") precludes group health insurance plans that cover mental health services from imposing financial requirements or treatment limitations on mental health benefits that are more restrictive than the requirements and limitations imposed on "substantially all medical and surgical benefits."  29 U.S.C. § 1185a; 42 U.S.C. § 300gg-5; 26 U.S.C. § 9812.

5.2      Under the Federal Parity Act, an insurer covering mental health services must provide coverage that is "in parity" with medical and surgical benefits.

5.3      Clinical ABA therapy is a mental health service.

5.4      Anthem's policy and practice of limiting the number of hours of it will cover for children age seven or older based on the purported availability of similar "educational" services in public schools is a treatment limitation that is not imposed on medical surgical benefits, in violation of the Federal Parity Act.

5.5      ERISA requires Anthem to process and administer the insurance plans it provides in a manner that complies with the requirements of non-preempted federal substantive law, including the Federal Parity Act.

## VI.     PLAINTIFFS' FACTUAL ALLEGATIONS

6.1      W.P. is a twelve-year-old boy who has been diagnosed with autism by his treating physician.  His treating physician referred W.P. to a Board Certified Behavior Analyst for clinical ABA therapy to treat his autism.  W.P.'s treating physician has approved the treatment plan developed by his ABA therapist.

6.2     W.P. receives ABA therapy at the Behavior Analysis Center for Autism ("BACA") in Elkhart, Indiana.  W.P.'s therapy is overseen by Board Certified Behavior Analysts.

6.3     In February, 2011, W.P. began receiving ABA therapy at a BACA facility in Fishers, Indiana.

6.4     W.P.'s parents observed nearly immediate improvements in his health.

6.5     For example, W.P.'s motor skills, including his ability to walk, improved.  He lost weight.  His vocal skills improved and he began to say more words.  W.P.'s repetitive, stereotypic behaviors—including rocking, flapping his hands, and heavy breathing—also decreased.

6.6     BACA subsequently opened a facility in Elkhart, and W.P. is currently receiving services there.

6.7     W.P.'s treatment plan calls for 40 hours of ABA therapy per week.  W.P.'s prior insurer covered the 40 hours per week of ABA therapy called for by his treatment plan.

6.8     In approximately February 2013, Chester Pierce's employer changed from another employee health insurance provider to Anthem.  Initially, Anthem covered the 40 hours of ABA services called for in W.P.'s treatment plan.

6.9     In July 2013, however, Anthem reduced the number of hours of ABA therapy it authorized for coverage to 25.  Anthem subsequently reduced the number of covered hours to 20.

6.10    Since July 2013, W.P. has received only 20 or 25 hours of ABA therapy per week because Anthem has denied coverage for the remaining hours.

6.11    W.P.'s family cannot afford to pay out of pocket for the therapy Anthem refuses to cover.

6.12    In July 2014, Anthem sent Plaintiffs a letter limiting W.P.'s coverage for ABA therapy to 20 hours per week.  A copy of the denial letter is attached hereto as Exhibit A.

6.13    Anthem determined that the treatment plan created by W.P's therapists and approved by his treating physician provides "educational" services.  The denial letter states in

part: "[w]e cannot approve ABA therapy to take the place of services that can be done through the school."

6.14    As the text of the letter shows, Anthem's refusal to fully cover the clinical ABA therapy set out in W.P's treatment plan is based on Anthem's determination that the clinical services he needs are available through public schools.

6.15    Anthem's conclusion is incorrect.  Clinical ABA services are unavailable in Indiana public schools.

6.16    Plaintiffs filed a written appeal of Anthem's July 29, 2014 coverage decision. Anthem issued a written denial of the appeal on October 31, 2014.  A copy of the letter denying Plaintiffs' internal appeal is attached hereto as <u>Exhibit B</u>.  Anthem's letter denying Plaintiffs' appeal states in part: "We cannot approve ABA to take the place of services that are available to the member through IDEA."

6.17    Plaintiffs have exhausted their mandatory appeal rights.

6.18    On information and belief, Anthem has adopted a policy and practice of reducing coverage for ABA therapy to between 20 and 25 hours per week for children age seven or older.

6.19    Anthem's coverage determinations are based on the impermissible and erroneous determination that public schools are required under IDEA to provide clinical ABA therapy to autistic children.

6.20    Anthem announced this policy and practice, which took effect on May 11, 2012, to the parents of insured autistic children in a form letter.  A copy of the letter is attached hereto as <u>Exhibit C</u>.

6.21    The letter explains that as part of its review of individual treatment plans for "medical necessity," Anthem will "determine whether services during school hours are available to the member though the public school system."  Anthem explained that it would conduct this review regardless of whether the insured child actually attends public school because "appropriate public school services are available to all children with PDD, as required by the IDEA."

6.22     Anthem's determinations improperly conflate clinical ABA therapy with the educational services provided by Indiana public schools.

6.23     Three Anthem employees—Dr. Madeline Kolar, Dr. Elizabeth S. Bonnano, and Dr. Timothy Kennedy—review treatment plans that include ABA therapy for children age seven or older.  On information and belief, these individuals are not specialists in the treatment of pervasive developmental disorders or autism.

6.24     In January 2015, Anthem contacted W.P.'s ABA therapy provider and made a "take-it-or-leave-it" offer to temporarily increase the number of hours authorized to 25 in exchange for Plaintiffs giving up any appeal rights.

## VII.    CLASS ALLEGATIONS

7.1     Class Definition:  The Class consists of all individuals who: (1) have been, are, or will be beneficiaries of an ERISA-governed health plan that has been or will be delivered, issued for delivery, or renewed on or after April 9, 2012 by defendant Anthem in the State of Indiana; (2) have been, are, or will be seven or older; (3) have been, are, or will be diagnosed with a pervasive developmental disorder; and (4) have required, require, or will require ABA therapy as part of a treatment plan approved by their treating physician.

7.2     The definition of the Class is clear and members of the Class are easily identifiable on the basis of objective information.  Anthem maintains records of its insureds and coverage determinations.  Children seven or older who have been diagnosed with a pervasive developmental disorder and whose providers have sought authorization or reimbursement for ABA therapy as part of a physician-approved treatment plan can be identified from Anthem's records.

7.3     The number of Indiana children age seven or older and whose pervasive developmental disorder requires ABA therapy as part of a physician-approved treatment plan and who are beneficiaries of an ERISA-governed health plan insured by Anthem is expected to number in at least the hundreds and is so large that joinder of all Class members is impracticable.

7.4     Plaintiffs' claims are typical of those of Class members.  W.P. is over the age of seven and has been diagnosed with a pervasive developmental disorder.  He is a beneficiary of an ERISA-governed health plan insured by Anthem.  As a result of Anthem's unlawful policy and practice, W.P. receives only a portion of the ABA therapy called for in his treatment plan.

7.5     Plaintiffs are adequate representatives of the Class.  Plaintiffs have abided by all requirements of the Plan and have exhausted mandatory administrative appeals of Anthem's coverage denial.  Plaintiffs want to ensure that every autistic child in Indiana is able to get needed ABA therapy and will fairly and adequately represent the interests of the entire Class.

7.6     Plaintiffs have retained experienced and competent class counsel.  Counsel have the knowledge, experience, and financial resources necessary to prosecute this action on behalf of the Class.

7.7     There are questions of law or fact common to the Class, including but not limited to the following:

a.      Whether the ABA therapy is an "educational" service or clinical therapy;

b.      Whether Anthem has adopted a policy and practice of limiting coverage for ABA therapy based on non-medical factors such as the purported availability of related services in public schools;

c.      Whether Anthem's policy and practice violates Indiana's autism coverage mandate;

d.      Whether Anthem's policy and practice violates the federal Mental Health Parity Act;

e.      Whether ERISA requires Anthem to abide by Indiana's autism coverage mandate in administering its plans;

f.      Whether Anthem's policy and practice of failing to cover services that insurers are required to cover under Indiana law breaches Anthem's fiduciary duties to beneficiaries;

g.      Whether Anthem's coverage determinations are reasonable when they are made by doctors who do not specialize in the treatment of pervasive developmental disorders;

h.      Whether Anthem has adopted a policy and practice of negotiating coverage of ABA therapy with treatment providers in exchange for providers agreeing not to appeal adverse coverage determinations;

i.      Whether Anthem's policy and practice of negotiating with providers denies participants and beneficiaries their appeal rights under ERISA; and

j.      Whether Anthem's coverage determinations are entitled to deference.

7.8     Anthem has acted on grounds generally applicable to the Class.  In particular, Anthem has adopted a policy and engaged in a practice that results in the improper limitation of ABA therapy to treat pervasive developmental disorders.  Thus, declaratory relief is appropriate for the whole Class.  Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(2).

## VIII.   COUNT I

**Claim for Recovery of Benefits, Clarification of Rights under the Plan, and Clarification of Right to Future Benefits under the Plan.  29 U.S.C. § 1132(a)(1)(B).**

8.1     Plaintiffs re-allege each and every allegation set forth in the proceeding paragraphs.

8.2     ERISA provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

8.3     Plaintiffs and the Class are entitled to recover benefits they have been denied on the basis of the improper limitations on ABA therapy described above.

8.4     Plaintiffs and the Class are entitled to a declaration of present and future rights to benefits for all medically-necessary ABA therapy that is part of a treatment plan approved by a treating physician, without regard to whether other "educational" services may be available in public schools.

## IX.    COUNT II
### Claim to Enjoin Acts and Practices in Violation of the Terms of the Plan, to Obtain Other Equitable Relief, and to Enforce the Terms of the Plan.  29 U.S.C. § 1132(a)(3).

9.1    Plaintiffs re-allege each and every allegation set forth in the proceeding paragraphs.

9.2    ERISA provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan."  29 U.S.C. § 1132(a)(3)(A). A participant or beneficiary may also obtain appropriate equitable relief to redress violations of those provisions.  29 U.S.C. § 1132(a)(3)(B).

9.3    Plaintiffs and the Class seek to enjoin Anthem from continuing to process and pay claims under its insured plans in a manner that is inconsistent with Indiana's autism coverage mandate and the Federal Parity Act.  In particular, Plaintiffs and the Class seek to enjoin Anthem's practice of limiting the number of hours ABA therapy covered for non-medical reasons, including the purported availability of similar services in public schools to children age seven or older.

9.4    Plaintiffs and the Class seek all other appropriate equitable relief to redress Anthem's improper coverage denials, including but not limited to reimbursement, equitable accounting, surcharge, and disgorgement of all profits flowing from the improper denials.

9.5    Plaintiffs and the Class seek to enjoin Anthem from offering ABA therapy providers "take-it-or-leave-it" deals to temporarily increase the number of hours of therapy authorized in exchange for participants or beneficiaries giving up their right to appeal coverage denials.

## X.    COUNT III

### Breach of Fiduciary Duties.  29 U.S.C. § 1132(a)(2).

10.1    Plaintiffs re-allege each and every allegation set forth in the proceeding paragraphs.

10.2     Anthem is a fiduciary under ERISA because it makes benefit determinations and reviews and finally decides appeals of denied claims under the ERISA plans it insures.  29 U.S.C. § 1002(21)(A).

10.3     ERISA imposes strict fiduciary duties on plan fiduciaries.  Fiduciaries are required to administer plans "solely in the interests of the participants and beneficiaries" and "in accordance with the documents and instruments governing the plan . . . ."  29 U.S.C. § 1104(a)(1)(D).

10.4     Beneficiaries may recover equitable and remedial relief for breach of those duties. 29 U.S.C. § 1132(a)(2).

10.5     ERISA-governed plans must comply with the requirements of non-preempted provisions of substantive state insurance law, such as the requirements of Indiana's autism coverage mandate, Ind. Code §§ 27-8-14.2, 27-13-7-14.7, and the Federal Parity Act, 29 U.S.C. § 1185a; 42 U.S.C. § 300gg-5; 26 U.S.C. § 9812.

10.6     Anthem breached its fiduciary duties to Plaintiffs and the Class by handling claims under its insured plans in a manner that is inconsistent with Indiana's autism coverage mandate and the Federal Parity Act.  Anthem's policy and practice of limiting the number of hours of ABA therapy covered for non-medical reasons, including the purported availability of similar services in public schools to children age seven or older, is inconsistent with Indiana's autism coverage mandate, the Federal Parity Act, the terms of Anthem's plans, and ERISA itself.

10.7     An ERISA plan administrator must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."  29 U.S.C. § 1133(2).

10.8     Anthem's practice of negotiating with providers the number of hours of ABA coverage it will cover in exchanged for a waiver of administrative appeal rights denies Plan participants a "full and fair review" of Anthem's coverage decisions and breaches its fiduciary duties to participants.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against Defendant as follows:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiffs as representatives of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    An order enjoining Defendant or its affiliates, agents, or other related entities, as provided by law, from improperly limiting coverage for ABA therapy, as set forth herein;

E.    An award to Plaintiffs and the Class of damages and/or equitable relief, as allowed by law;

F.    An award to Plaintiffs and the Class of attorneys' fees and costs under 29 U.S.C. § 1132(g)(1), or as otherwise allowed by law or equity;

G.    Leave to amend this Complaint to conform to the evidence presented at trial; and

H.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

Dated:  April 9, 2015

Respectfully submitted,

/s/ Syed Ali Saeed (#28759-49)

Syed Ali Saeed (#28759-49)
SAEED & LITTLE, LLP
1433 North Meridian Street, Suite 202
Indianapolis, Indiana  46202
Telephone: (317) 614-5741
Facsimile:  1-888-422-3151
Email:  ali@sllawfirm.com

Toby J. Marshall, *pro hac vice application forthcoming*
Blythe H. Chandler, *pro hac vice application forthcoming*
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528
Email:  tmarshall@tmdwlaw.com
Email:  bchandler@tmdwlaw.com

- Exhibit A -

ANTHEM UM SERVICES, INC.
1831 CHESTNUT STREET
MOM904 - S350
SAINT LOUIS, MO 63103 - 2275

*000063010101*

CALWD015 BOWE 20140730B01 J68F
[DM]
20140730 000063 Env [2,499] 1 of 2

# Anthem UM Services, Inc.

1 of 1   00106

*****************SCH 3-DIGIT 465
2499 1 AT 0-406                                        10
BENJAMIN SEIFERT
53633 COUNTY ROAD 7
ELKHART IN 46514-5130

| | |
|---|---|
| Reference No: | 0230137098 |
| Provider: | Benjamin Seifert |
| Facility/Vendor: | N/A |
| Patient DOB: | |
| Patient: | |
| Subscriber: | Chester Pierce |
| Initial Date: | 01-JAN-14 |
| Date Created: | 29-Jul-2014 |

| Service | Start Date | End Date | Quantity | Code | Description |
|---|---|---|---|---|---|
| BH-Outpatient Professional | 29-Jul-2014 | 31-Dec-2014 | 89 Unit(s) | H0032 | MH svc plan dev by non-md |
| BH-Outpatient Professional | 29-Jul-2014 | 31-Dec-2014 | 1771 Unit(s) | H2019 | Ther behav svc, per 15 min |

Total Approved: 6876
Total Denied: 5553

Review Outcome:        Certification
Place of Service:      Office

Dear _____:

Anthem UM Services, Inc. provides utilization management services for Anthem Blue Cross and Blue Shield.

Based on the information provided to us, we are pleased to authorize benefits for the service(s) referenced above.  Should the date of the proposed service change, please notify us in advance. This authorization of benefits is limited to the service(s) referenced above.  If you or your physician identify the need for additional services, another benefit authorization may be needed; you or your physician may contact us at: (800) 992-5498.

You are covered for this service provided that:

Anthem Blue Cross and Blue Shield is the trade name of Anthem Insurance Companies, Inc. Independent licensee of the Blue Cross and Blue Shield Association.
®ANTHEM is a registered trademark of Anthem Insurance Companies, Inc. The Blue Cross and Blue Shield names and symbols are registered marks of the Blue Cross and Blue Shield Association.
Anthem UM Services, Inc. is a separate company providing utilization review services on behalf of Anthem Blue Cross and Blue Shield.

ANTHEM UM SERVICES, INC.
1831 CHESTNUT STREET
MOM904 - S350
SAINT LOUIS, MO 63103 - 2275

*006624010101*

CALWD015 BOWE 20140730801 J66F
[DM-]
20140730 006624 Env [2,499] 2 of 2

# Anthem UM Services, Inc.

1
1
10363

ցիկլ—ըիլիիիիիդիիկ—ըիի—ըիիդիդիկիիիիի
*******************SCH 3-DIGIT 465
2499 1 AT 0.406                    10
BENJAMIN SEIFERT
53633 COUNTY ROAD 7
ELKHART IN 46514

| | |
|---|---|
| Reference No: | 0234154564 |
| Provider: | Benjamin Seifert |
| Facility/Vendor: | N/A |
| Patient DOB: | |
| Patient: | |
| Subscriber: | Chester Pierce |
| Initial Date: | 01-JAN-15 |
| Date Created: | 29-Jul-2014 |

| Service | Start Date | End Date | Quantity | Code | Description |
|---|---|---|---|---|---|
| BH-Outpatient Professional | 01-Jan-2015 | 25-Jan-2015 | 274 Unit(s) | H2019 | Ther behav svc, per 15 min |
| BH-Outpatient Professional | 01-Jan-2015 | 25-Jan-2015 | 14 Unit(s) | H0032 | MH svc plan dev by non-md |

Total Approved: 288
Total Denied: 573

Review Outcome:        Certification
Place of Service:      Office

Dear ▮▮▮▮▮▮▮▮:

Anthem UM Services, Inc. provides utilization management services for Anthem Blue Cross and Blue Shield.

Based on the information provided to us, we are pleased to authorize benefits for the service(s) referenced above.  Should the date of the proposed service change, please notify us in advance. This authorization of benefits is limited to the service(s) referenced above.  If you or your physician identify the need for additional services, another benefit authorization may be needed; you or your physician may contact us at: (800) 992-5498.

For benefits to be paid on the date you receive the service:

Anthem Blue Cross and Blue Shield is the trade name of Anthem Insurance Companies, Inc. Independent licensee of the Blue Cross and Blue Shield Association.
®ANTHEM is a registered trademark of Anthem Insurance Companies, Inc. The Blue Cross and Blue Shield names and symbols are registered marks of the Blue Cross and Blue Shield Association.
Anthem UM Services, Inc. is a separate company providing utilization review services on behalf of Anthem Blue Cross and Blue Shield.

The Certification Center
Anthem Blue Cross & Blue Shield
4361 Irwin Simpson Road
Mason, OH 45040

**Anthem.** ✚ ⓥ

July 29, 2014

| Reference No: | 0230137098 & 0234154564 |
|---|---|
| Provider: | Benjamin J. Seifert |
| Facility/Vendor: | The Behavior Analysis Center for Autism |
| Patient DOB: | ███████ |
| Patient: | ███████ |
| Subscriber: | Chester Pierce |
| Start Date: | July 29, 2014 |
| Date Created: | July 29, 2014 |

The Parents/Guardian of ████████
████████
Wakarusa, IN  46573

| | |
|---|---|
| Total Hours Approved: | ABA (H2019) 20 hours/week; BCBA (H0032) 1 hour/week |
| Total Hours Denied: | ABA (H2019) 40 hours/week; BCBA (H0032) 2 hours/week |
| Review Outcome: | Partial Denial |
| Place of Service: | The Behavior Analysis Center for Autism |

Dear Parents/Guardian:

We received a request to cover 40 hours of applied behavior analysis (ABA) therapy and 2 hours of Board Certified Behavior Analyst (BCBA) services/supervision per week. We reviewed the information sent to us. We spoke with your ABA provider on the telephone on 07/24/2014. We spoke with your doctor on the telephone on 07/29/2014.

We cannot approve this request because the number of hours requested are not medically necessary. Your child is 12 years old. He has an autism spectrum disorder. He has been getting ABA therapy since January 2011. He is currently getting 25 hours of ABA therapy per week.  The main goals of treatment are to help him with language and communication skills, and daily life skills.  Some of the services appear educational (language, making requests, etc.). Educational, recreational and vocational services are not covered under your health plan. Your child is school aged. He is entitled (by Indiana Law) to have free appropriate public schooling. Under the Individuals with Disabilities Education Act (IDEA), public schools are required to address the needs of a student with a disability. The Act emphasizes the need to prepare students for employment and independent living. This is usually done through an Individual Education Plan (IEP). The IEP should cover the necessary services and supports that the student needs to be able to learn and make progress in school. We cannot approve ABA therapy to take the place of services that can be done through the school. We understand that he was in school in the past. We do not know if he has a current IEP. We do not know if there have been recent discussions with the school for services and supports. Previous approvals were given to allow time for you and the providers to consult with the school regarding services and supports under the IDEA.  We have no information regarding discussions with the school.

Your child has some medical issues. These may be contributing to his difficulties.  He is not making the appropriate progress from one on one intense ABA therapy.  As mentioned in previous reviews and approvals, there may be other options for care that offer support to help him. There may be other services or supports that

help more or just as well. At this time 20 hours of ABA therapy and 1 hour of supervision are approved.  This will give a chance for you and the provider to work further with the school regarding supports under the IDEA. It will also give time to look into alternative care options. This decision is based on your health plans and 2013 guidelines for outpatient psychiatric care. This decision is based on your health plan's guidelines.  (CG-BEH-02)

At any time, you, your provider or your authorized representative can request, free of charge, copies of the applicable health benefit plan provision, internal guidelines, policies, clinical review criteria and /or an explanation of the clinical rationale used in making this determination.  Copies of all records and information relevant to this benefit determination may also be requested.  To obtain the information send a written request to the address at the top of this letter or fax your request to: (866) 891-1731.

Since your provider of care is a network provider, you are not responsible for any charges related to this care. The provider is responsible - unless you agreed in writing to pay for this care after you received notification of the denial.

If you or your physician disagrees with this decision, please see the attached information regarding the reconsideration and appeals process.

Sincerely,

Madeleine Kolar MD.

CC:    Benjamin J. Seifert
       The Behavior Analysis Center for Autism
       53633 County Rd 7
       Elkhart, IN   46514- 5130

If you do not agree with this determination, your provider may request reconsideration. Your provider may submit additional information that might support the necessity of this service, or your provider may request a peer consultation by calling Anthem's Utilization Management Unit at **1-877-814-4803**. Requests for peer consultation and submission of additional information must be received within 10 business days of the date of this letter. This reconsideration does not delay or replace your right to appeal Anthem's decision. Providers are entitled to one reconsideration and one peer to peer consultation per determination.

**Rights Available to Members**

If you do not agree with our adverse decision, you have the right to request an appeal. Unless your description of benefits states otherwise, you must request an appeal within 180 calendar days from the date you were notified of our adverse decision. Your provider, or any other person you choose, may appeal on your behalf. They may also help you during the appeal process. If you ask someone to represent or help you, please give them a signed authorization to include with the appeal.

After reviewing the following information, if you have any additional questions relating to the appeal process, you can call us at 1-800-325-3377.

**How do I request an expedited appeal?**

If you have not had services (pre-service), or if you are now receiving services (concurrent), an appeal may be handled in an expedited manner if you, or your provider, believe that the condition could seriously jeopardize your life, health, or ability to regain maximum function or would subject you to severe pain that cannot be adequately managed without care or treatment by waiting for the appeal to be resolved using standard appeal time frames. To request an expedited appeal, you, your provider or your representative can call 1-800-325-3377 or send a written request to the following address: Grievances and Appeals, P.O. Box 105568, Atlanta, GA 30348-5568. Unless your description of benefits states otherwise, we will respond to expedited appeal requests within 48 hours.

**How do I request a standard appeal?**

To request a pre-service appeal, or to request an appeal for services you have already had (post-service), send a written request to the following address: Grievances and Appeals, P.O. Box 105568, Atlanta, GA 30348-5568. We encourage you to request appeals in writing. However, unless your description of benefits states otherwise, you may submit your appeal verbally by contacting customer service at the telephone number on your health plan identification card or electronically at www.Anthem.com. Unless your description of benefits states otherwise, appeals of adverse decisions are resolved and a written response will be sent to you no later than 20 business days or 30 calendar days from the date we receive your appeal request, whichever is sooner.

**What should my appeal include?**

You may include, if available, the following information with your appeal: the member's name and identification number; the name of the provider or facility who will or has provided care; date(s) of service; the claim or reference number for the specific decision with which you do not agree; and the specific reason(s) why you do not agree with the decision. You have the right, and we encourage you, to submit written comments, documents or other relevant information with your appeal.

**How will my appeal be handled?**

The appropriate administrative and/or clinical specialists will review your appeal. All relevant information submitted by you or on your behalf will be reviewed regardless of whether it was considered at the time the initial decision was made. We may contact any providers who may have additional information to support your appeal. The reviewers will not have been involved in the initial decision. They also will not be a subordinate of the person who made the initial decision.

**If I disagree with the decision on my appeal, what other rights do I have?**

**If we deny your appeal, you will be provided with other dispute resolution options, including external review, if available**.  You may also refer to your description of benefits or contact customer service at the telephone number on your health plan identification card for detailed information regarding the entire appeal process.

**ERISA Plan Members**

If your health benefit plan is subject to the Employee Retirement Income Security Act of 1974 (ERISA), and you have exhausted all mandatory appeal rights, you have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA.

- Exhibit B -

Anthem UM Services, Inc.
Grievances and Appeals
P.O. Box 105568
Atlanta, GA 30348-5568

# Anthem UM
# Services, Inc.

October 31, 2014

███████████

Wakarusa, IN 46573

| | |
|---|---|
| Case number: | 0230137098 |
| | 0234154564 |
| Member name: | ██████████ |
| Member ID number: | ██████████ |
| Date appeal received: | October 7, 2014 |

Dear ████████:

Anthem UM Services, Inc. is a separate company providing utilization review services on behalf of Anthem Blue Cross and Blue Shield. We've finished reviewing the first level appeal from Chester and Kathryn Pierce for: 40 total hours per week of ABA (Applied Behavior Analysis) services and 2 total hours per week of BCBA (Board Certified Behavior Analyst) services. We understand an appeal was requested because you feel additional hours of ABA services are medically necessary. The previous coverage decision is being upheld. The services are considered not medically necessary as defined in the definitions section of your Master Metal Engineering (benefits booklet).

We reviewed an appeal of the denial of coverage of 40 total hours per week of ABA (Applied Behavior Analysis) services and 2 total hours per week of BCBA (Board Certified Behavior Analyst) services for this 12 year old. We reviewed written information provided to us. This information included information from the ABA provider, an appeal letter from the parents, and information from previous reviews.

This 12 year old member has been getting ABA therapy since 2011. He has not tried to attend public school recently, or since he was 8 years old. Under the Individuals with Disabilities Education Act (IDEA), public schools are required to address the needs of a student with a disability. This is usually done through an Individual Education Plan (IEP). The IEP should cover the necessary services and supports that the student needs to be able to make progress in school. The Act also emphasizes the need to prepare students for independent living by teaching life skills. Some of the services requested by the ABA provider appear to be educational, teaching life skills, or recreational. These include washing hands and face, putting on deodorant, exercising, identifying and labeling pictures. We cannot approve ABA to take the place of services that are available to the member through the IDEA. Educational and recreational services are not covered under the member's health plan. Previous approvals have been given to allow time for the member's parents and providers to consult with the school regarding services and supports under the IDEA. The member can continue to receive part-time ABA therapy (20 hours per week) that is already covered along with special educational services. There are also other options for care that offer support to help this child. For example, he might also benefit from speech therapy or behavior skills groups.

Medical necessity is not met for more than 20 hours per week of ABA services or more than 1 hours of BCBA services per week. No more hours can be covered for this member. We based this decision on your health plan guideline. (CG-BEH-02)

You can find our medical policies and clinical guidelines online:
- Visit our website, www.anthem.com;
- Click Customer Support;
- Click Anthem Medical Policies – General under Top FAQs; and
- Select Indiana.

**ERISA Rights**
If your health benefit plan is subject to the Employee Retirement Income Security Act of 1974 (ERISA), once you have exhausted all mandatory appeal rights, you have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA.

If you don't agree with this decision, you may have more rights. We've included details with this letter. If you have any questions about this letter, call customer service at the phone number on your ID card. If you prefer, write to Grievances and Appeals, P.O. Box 105568, Atlanta, GA 30348-5568.

Sincerely,

*Marissa Lucibello*

Marissa Lucibello
Grievances and Appeals Analyst Sr.
Grievances and Appeals

Enclosure:

Rights Available to Member

Cc: Chester and Kathryn Pierce
██████ ████████
Wakarusa, IN 46573

## Rights Available to Members

You, or any person you choose (your authorized representative) may ask for and get copies of all documents including the actual benefit provision, guideline, protocol or other similar criterion on which this decision was based. Copies are free. Send a written request to Grievances and Appeals, P.O. Box 105568, Atlanta, GA 30348-5568. If you prefer, call customer service at the phone number on your member ID card.

You may ask for the diagnosis and treatment codes that are the subject of the appeal. You may also ask for a description of these codes, if available. Call customer service.

## If I don't agree with this decision, what other rights do I have?

You may ask for a voluntary appeal. The appeal will be reviewed by a panel of associates who didn't give an opinion during a prior level of review.

You may ask for an expedited (urgent) appeal if:

- The services at issue haven't been performed; and
- Waiting for the review to be finished under the standard appeal review timeframe could seriously jeopardize your life or health or could subject you to severe pain that can't be adequately managed.

You have 120 calendar days from the date you get this letter to ask for this review. Call us at 800-833-9354. The request can be made by phone, in writing or on-line.

By phone: Call us at 800-833-9354.

In writing: Send a written request to Grievances and Appeals at the address above.

On-line: Visit www.anthem.com.

You may have the right to ask for, at no cost to you, an external review with an Independent Review Organization (IRO).To qualify for an external review your grievance must be about one of the following decisions:

- An adverse decision of appropriateness;
- An adverse decision of medical necessity;
- A decision that a proposed service is experimental/investigational; or
- A rescission of coverage.

## Requests for benefits beyond those included in your coverage aren't eligible for external review.

You aren't required to finish an appeal (described above) before asking for an external review. However, if you choose not to ask for an appeal and instead ask for an external review, you won't be able to ask for an appeal. You have 120 days from the date you get this letter to ask for external review. The request must be in writing.

In writing: Send your written request for external review to Grievances and Appeals at the address above. In your request, please let us know that you are asking for an external review. Include any additional information you may have to support your request. You don't have to send the information that was given to us for the grievance.

If an expedited (urgent) external review is necessary, we encourage you to call us at 800-833-9354 (not all requests qualify for this type of review). You may also call us if you are not sure if you are eligible for external review or if you want more information about external review.

You have the right appoint a representative to ask for an external review for you. However, we won't be able to give any information to your representative until we receive a signed Designation of Representation form allowing us to do so. Please let us know if a representative will be handling the external review on your behalf so we can send you a Designation of Representation form.

You also have the right to file a complaint with the Indiana Department of Insurance. You may contact them at:

Address:     Consumer Services Division
             Indiana Department of Insurance
             311 West Washington Street, Suite 300
             Indianapolis, IN 46204-2787
Phone:       317-232-2395(locally) or 800-622-4461(toll-free)

Chester and Kathryn Pierce

Wakarusa, IN 46573

- Exhibit C -



Anthem Blue Cross and Blue Shield
4361 Irwin-Simpson Road
Mail Code OH0202-A140
Mason, OH  45040

Health. **Join In.**

DATE

To the Parent/Guardian of:

RE:      Coverage for Services for PDD During School Hours under Indiana-issued Policies

Dear      :

You or a member of your family has been receiving Anthem benefits for services for the treatment of Pervasive Development Disorder (PDD). We at Anthem are committed to providing appropriate PDD plan coverage for our members that complies with your benefit plan and, for our Indiana insured members, with Indiana law.

For our school age members, under Indiana law, school instruction is available for children for at least 5 hours a day for grades 1 through 6, and for at least 6 hours a day for grades 7 through 12. The school term has a minimum length of 9 months.

Under the Individuals with Disabilities Education Act (IDEA), public schools must provide students with PDD with an education that emphasizes special education and related services designed to meet the students' unique needs and prepare them for further education, employment, and independent living. The students' unique needs are addressed because the IDEA requires public schools to create, with parents' input, an Individualized Education Program for each student with PDD.

As you probably know, the Department of Insurance Bulletin 136 provides that insurers may review services prescribed under your family member's treatment plan for medical necessity.  Anthem does not want to duplicate coverage for services that are available through the IDEA and the public school system.  Anthem will continue to review individual treatment plans for medical necessity, and part of that review will be to determine whether services during school hours are available to the member through the public school system.

The review for duplication of services through the IDEA and the public schools will apply to children who both attend public school and who do not attend public school, since appropriate public school services are available to all children with PDD, as required by the IDEA, and in order to apply the rule in a nondiscriminatory way.

We hope that you agree with us that this treatment review process is a reasonable one.  The new review process will be effective immediately for new and concurrent reviews received after May 11, 2012. If you have a current authorization, we will follow this new process at your next review. Thank you for your cooperation.

Sincerely,

Madeleine Kolar, MD
Medical Director Associate

Anthem Blue Cross and Blue Shield is the trade name of Anthem Insurance Companies, Inc. Independent licensee of the Blue Cross and Blue Shield Association.  ® ANTHEM is a registered trademark of Anthem Insurance Companies, Inc. The Blue Cross and Blue Shield names and symbols are registered marks of the Blue Cross and Blue Shield Association.