**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| W.P., a minor by and through his parents and guardians KATHRYN PIERCE and CHESTER PIERCE, on behalf of themselves and similarly situated individuals, and A.B., a minor by and through his parents and guardians MICHAEL BECK and JOANNE KEHOE, on behalf of themselves and similarly situated individuals,<br><br>                  Plaintiffs,<br><br>                  v.<br><br>ANTHEM INSURANCE COMPANIES INC., an Indiana corporation,<br><br>                  Defendant. | Case No. 1:15-cv-00562-TWP-TAB |

## **ENTRY ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Before the Court is a Motion for Partial Judgment on the Pleadings filed by Defendant Anthem Insurance Companies Inc. ("Anthem"), pursuant to Federal Rule of Civil Procedure 12(c). ([Filing No. 48](#).) On April 9, 2015, Plaintiff W.P. and his parents, Kathryn and Chester Pierce (collectively "Plaintiffs"), brought this putative class action against Anthem under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. W.P. is a thirteen-year-old child who suffers from autism and Anthem is his health insurance provider. W.P.'s physician prescribed forty hours per week of Applied Behavioral Analysis ("ABA") therapy to treat W.P.'s autism, but Anthem covers only twenty hours per week of ABA therapy. Plaintiffs allege that Anthem violated state and federal laws because it has a policy of limiting the number of ABA hours it covers for children ages seven or older. ([Filing No. 1](#).) Anthem now moves for partial judgment on the pleadings. For the following reasons, Anthem's Motion is **GRANTED**.

## I. BACKGROUND

The following undisputed facts are taken from Plaintiffs' Complaint and the parties' briefs.

### A. **Indiana's Autism Mandate**.

In 2001, the Indiana General Assembly amended the Indiana Code, requiring individual and group health insurance policies to provide coverage for autism treatment. *See* Ind. Code § 27-8-14.2. This amendment is known as the "Autism Mandate." The Autism Mandate states:

> (a) An accident and sickness insurance policy that is issued on a group basis must provide coverage for the treatment of an autism spectrum disorder of an insured. Coverage provided under this section is limited to treatment that is prescribed by the insured's treating physician in accordance with a treatment plan. An insurer may not deny or refuse to issue coverage on, refuse to contract with, or refuse to renew, refuse to reissue, or otherwise terminate or restrict coverage on an individual under an insurance policy solely because the individual is diagnosed with an autism spectrum disorder.
>
> (b) The coverage required under this section may not be subject to dollar limits, deductibles, or coinsurance provisions that are less favorable to an insured than the dollar limits, deductibles, or coinsurance provisions that apply to physical illness generally under the accident and sickness insurance policy.

Ind. Code Ann. § 27-8-14.2-4.

On March 30, 2006, the Indiana Department of Insurance ("IDOI"), an agency charged with enforcing the Indiana Insurance Code, issued Bulletin 136 interpreting the Autism Mandate. *See* Ind. Ins. Bulletin 136, 2006 WL 1584562 (Mar. 30, 2006). Bulletin 136 states that an insurer has the right to "request an updated treatment plan not more than once every six (6) months from the treating physician to review medical necessity" and "[a]ny challenge to medical necessity will be viewed as reasonable only if the review is by a specialist in the treatment of [autism spectrum disorder]." *Id*. at 1, 3. Bulletin 136 also states that services to treat autism spectrum disorders "will be provided without interruption, as long as those services are consistent with the treatment

plan and with medical necessity decisions." *Id.* at 2. "Service exclusions contained in the insurance policy…that are inconsistent with the treatment plan will be considered invalid .…" *Id.*

**B.     Factual Background.**

W.P. is a thirteen year-old who suffers from severe autism. W.P. has limited verbal skills, is unable to navigate stairs without assistance, and frequently exhibits repetitive behaviors including rocking, flapping his arms and hands, and heavy breathing. W.P.'s treating physician prescribed forty hours per week of ABA therapy to treat W.P.'s autism. In February 2011, W.P. began receiving ABA therapy and his parents observed almost immediate improvements in his ability to walk, use words, and respond appropriately to prompts. W.P.'s repetitive behaviors also decreased.

W.P. is the beneficiary of a health insurance plan ("the Plan") sponsored by his father's employer. Anthem is the insurer and claims administrator for the Plan. Anthem initially covered W.P.'s forty hours of ABA therapy but, in July 2013, Anthem reduced the number of covered ABA therapy hours for W.P. to twenty-five hours per week. In July 2014, Anthem further reduced the number of covered hours to twenty hours per week.

**C.     Procedural Background.**

On July 29, 2014, Plaintiffs filed a written appeal to Anthem regarding its coverage decision. On October 31, 2014, Anthem issued a written denial of the appeal, upholding its decision to limit the amount of ABA therapy hours it covered. Thereafter, in January 2015, Anthem contacted W.P.'s therapy provider and made a "take-it-or-leave-it" offer to temporarily increase the number of hours authorized from twenty to twenty-five in exchange for Plaintiffs giving up any appeal rights.

On April 9, 2015, Plaintiffs filed this putative class action asserting that Anthem's policy and practice of limiting coverage for ABA therapy for school-aged children with autism violates ERISA because it fails to comply with Indiana's Autism Mandate, as well as federal law. Plaintiffs' Complaint outlines three counts. Count I asserts that W.P. and the Class are entitled to recover benefits because Anthem limited coverage for ABA therapy in violation of state and federal law. Count II states that the Court should enjoin Anthem's practice of limiting the amount of hours covered for ABA therapy and from offering providers "take-it-or-leave-it" deals in exchange for participants giving up their right to appeal coverage denials. Count III alleges that Anthem breached its fiduciary duty to W.P. and the Class by acting in a manner inconsistent with Indiana and federal law. ([Filing No. 1](#).)

Anthem now seeks partial judgment on the pleadings, contending that it has not violated the Autism Mandate, Plaintiffs' claim for equitable relief regarding the cap on ABA therapy hours is not cognizable under ERISA, and Plaintiffs' fiduciary duty claim fails a matter of law. ([Filing No. 48](#).) In response, Plaintiffs voluntarily withdrew the fiduciary duty claim. ([Filing No. 50](#).)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). Under Rule 12(b)(6), a complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts

to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

### III. DISCUSSION

The issues remaining before the Court are: 1) whether the Autism Mandate permits Anthem to cap the number of covered ABA therapy hours it covers, and 2) whether ERISA limits Plaintiffs' ability to seek equitable relief for wrongful denial of benefits. The Court will address each issue in turn.

**A.     The Autism Mandate Permits Caps on ABA Therapy Hours.**

Anthem argues that it is entitled to partial judgment on the pleadings because the plain language of Indiana's Autism Mandate does not prohibit it from imposing a cap on the number of

5

ABA hours it covers. Where statutory language "'is plain and free from ambiguity, and the meaning expressed is definite, a literal interpretation of the statute should be adopted.'" *Benham v. State*, 637 N.E.2d 133, 136 (Ind. 1994) (quoting *Rogers v. Calumet Nat'l Bank of Hammond*, 213 Ind. 576, 583 (1938)). Anthem contends that the Autism Mandate only prohibits an insurer from restricting or denying coverage "solely" because an individual is diagnosed with autism, and from imposing "dollar limits, deductibles, or coinsurance provisions that are less favorable to an insured than the dollar limits, deductibles, or coinsurance provisions that apply to physical illness generally" under the Plan. *See* Ind. Code Ann. § 27-8-14.2-4. Anthem further relies on a similar article under Indiana's Insurance Code that regards mental health services, when arguing that it did not violate the Autism Mandate because treatment and hour limitations are different from financial requirements. *See* Ind. Code § 27-13-7-14.8(d) ("[a] group or individual contract with a health maintenance organization *may not permit treatment limitations or financial requirements* on the coverage of services for a mental illness if similar limitations or requirements are not imposed on the coverage of services for other medical or surgical conditions" (emphasis added)).

In response, Plaintiffs first rely on *City of Angola* when asserting that the Court should deny Anthem's Motion because it is directed only at parts of the claims outlined in Counts I and II of the Complaint and is procedurally improper under Rule 12. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief") (citations omitted) (emphasis in original). Plaintiffs next argue that, even if the Court considers the merits of Anthem's Motion, the plain language of the Autism Mandate requires insurers to cover *any* "treatment that is

proscribed by the insured's treating physician in accordance with a treatment plan" and precludes the application of quantitative caps on coverage. ([Filing No. 50 at 13](#)).

Plaintiffs further contend that to the extent the Court finds the Autism Mandate ambiguous, the Court must defer to the IDOI's authoritative interpretation, which considers "dollar limits and visit limits to be synonymous," and need not turn to other statutes for aid. *See* Ind. Ins. Bulletin 136, 2006 WL 1584562, \*2 (Mar. 30, 2006). Plaintiffs assert that there is a strongly persuasive presumption that the legislature agrees with IDOI's interpretation of the statute because, in 2013, the legislature amended the Autism Mandate, but made no changes to the substantive requirements of the law and failed to reject IDOI's interpretation. "[A] long adhered to administrative interpretation subsequent to legislation, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts." *Ind. State Bd. of Embalmers & Funeral Directors v. Keller*, 274 Ind. 123, 130 (1980).

In reply, Anthem contends that the IDOI's interpretation that dollar limits and visit limits are synonymous is not relevant because "visit limits" are not the same as "hour limits." Anthem argues that, even if the Court finds that the IDOI's interpretation prohibits insurers from capping the number of covered ABA therapy hours, the IDOI's contention cannot override the plain meaning of the statute.

The Court first finds, as Anthem persuasively argues in reply, Plaintiffs' reliance on *City of Angola* is misplaced. Unlike the defendants in the *City of Angola*, Anthem seeks judgment on stand-alone claims rather than on a single element of one claim. *See City of Angola*, 809 F.3d at 325 (stating defendant's "motion for judgment on the pleadings on *parts of* the First Amendment claim may have been improper"). Here, in Count I of the Complaint, Plaintiffs allege that Anthem violated two separate statutes, Indiana's Autism Mandate and the federal Mental Health Parity and

7

Addiction Equity Act of 2008 ("MHPAEA"). In Count II, Plaintiffs again assert two distinct claims for injunctive relief—wrongful denial of benefits and Anthem offering "take-it-or-leave-it" deals in exchange for participants giving up their right to appeal coverage denials. Accordingly, the Court concludes that Anthem's Motion for Partial Judgment on the Pleadings does not amount to "piecemeal dismissals of *parts of* claims." *See id*. (emphasis added).

Turning now to the merits, both parties contend that the Autism Mandate is clear and unambiguous. The parties, however, dispute whether the Autism Mandate requires Anthem to cover *any* treatment proscribed by W.P.'s treating physician, and whether legislators intended the limitation on financial requirements, such as dollars and deductibles, to be synonymous with hour limitations. "If the language of the statute is clear and unambiguous, it is not subject to judicial interpretation." *Albright v. Pyle*, 637 N.E.2d 1360, 1363-64 (Ind. Ct. App. 1994). "A mere disagreement among litigants over the meaning of a statute does not prove ambiguity; it usually means that one of the litigants is simply wrong." *Bank of Am. Nat. Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 461 (1999). Courts "look to the plain, ordinary meaning of the words and phrases in a statute to discern the legislative intent" and "presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policies and goals." *Ashlin Transp. Servs., Inc. v. Indiana Unemployment Ins. Bd.*, 637 N.E.2d 162, 166 (Ind. Ct. App. 1994). "The Supreme Court has repeatedly recognized that '[i]n ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.'" *Crowley v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 938 F.2d 797, 798 (7th Cir. 1991) (quoting *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291 (1988)).

After reviewing the statute as a whole, the Court finds that Plaintiffs' interpretation of the Autism Mandate is at odds with the plain language of the statute. The Autism Mandate specifically states that:

> (a) An accident and sickness insurance policy that is issued on a group basis must provide coverage for the treatment of an autism spectrum disorder of an insured. Coverage provided under this section is limited to treatment that is prescribed by the insured's treating physician in accordance with a treatment plan. An insurer may not deny or refuse to issue coverage on, refuse to contract with, or refuse to renew, refuse to reissue, or otherwise terminate or restrict coverage on an individual under an insurance policy *solely* because the individual is diagnosed with an autism spectrum disorder.
>
> (b) The coverage required under this section *may not be subject to dollar limits, deductibles, or coinsurance provisions that are less favorable to an insured than the dollar limits, deductibles, or coinsurance provisions that apply to physical illness* generally under the accident and sickness insurance policy.

Ind. Code Ann. § 27-8-14.2-4 (emphasis added). If the Court permits Plaintiffs' reading of the statute, that an insurer is required to cover *any* treatment proscribed by the insured's treating physician, then the last sentence of subsection (a) and subsection (b) in its entirety would add nothing to the statute. *See Corley v. United States*, 556 U.S. 303 (2009) ("[a] statute should be construed [to give effect] to all its provisions, so that no part will be inoperative or superfluous, void or insignificant") (citations omitted). Based on the plain language of the Autism Mandate, the Court finds that Anthem is not required to cover *any* treatment proscribed by W.P.'s treating physician. Accordingly, Anthem may refuse to provide or terminate coverage for autism treatment so long as its refusal is not *solely* or *exclusively* based on W.P.'s autism spectrum disorder and Anthem does not impose less favorable financial limitations than those that apply to physical illness under the Plan.

The Court also finds that when viewing the plain language of the statute, and other similar statutes under the Indiana Insurance Code, the limitation on financial requirements outlined in

9

subsection (b) is not synonymous with an hour limitation. *See* Ind. Code § 27-13-7-14.8(d); *see also Chicago & Calumet Dist. Transit Co. v. Mueller*, 213 Ind. 530, 534 (1938) (when determining legislative intent, a court may look to "other statutes regarding the same subjects, or relative subjects") (citations omitted). The Court agrees with Anthem and concludes that, even if IDOI's interpretation of the Autism Mandate imposes an hour limitation, the plain language of Indiana's Autism Mandate does not preclude Anthem from capping the number of covered ABA therapy hours. *See Etzler v. Indiana Dep't of Revenue*, 43 N.E.3d 250, 255 (Ind. Ct. App. 2015) (rejecting the Department of Revenue's proposed interpretation of a statute as "neither apparent in its plain language nor consistent with other sections of Indiana Code chapter 6-8.1-8"); *see also Town of Merrillville v. Merrillville Conservancy Dist. By & Through Bd. of Directors*, 649 N.E.2d 645, 649 (Ind. Ct. App. 1995) ("[w]hen the legislature enacts a statute, [courts] presume [the legislature] is aware of existing statutes in the same area"); *Sanders v. State,* 466 N.E.2d 424, 428 (Ind.1984) ("[s]tatutes relating to the same general subject matter are *in pari materia*[1] and should be construed together so as to produce a harmonious statutory scheme"). Accordingly, Anthem's Motion for partial judgment on Plaintiffs' claim that Anthem violated the Autism Mandate is **granted**.

**B.      ERISA Limits Equitable Relief Claims for Wrongful Denial of Benefits.**

Anthem also requests partial judgment on Plaintiffs' equitable relief claim for wrongful denial of benefits under Count II of the Complaint, arguing that the claim is not available because it is duplicitous of Plaintiffs' wrongful denial of benefits claim under Count I of the Complaint. A civil action may be brought under ERISA,

> (1) by a participant or beneficiary—
>     (A) for the relief provided for in subsection (c) of this section, or

---

[1] *In Pari Materia*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("[o]n the same subject; relating to the same matter").

10

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan…

29 U.S.C. § 1132(a)(1)-(3). Anthem relies on *Varity Corp*. and *Mondry* when arguing that because relief is available under subsection (a)(1)(B), Plaintiffs are not entitled to relief under subsection (a)(3). *See Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996) (Section (a)(3) acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that [the statute] does not elsewhere adequately remedy"); *Mondry v. Am. Family Mut. Ins. Co.,* 557 F.3d 781, 805 (7th Cir. 2009) ("a majority of the circuits are of the view that if relief is available to a plan participant under subsection (a)(1)(B), then that relief is *un* available under subsection (a)(3)").

In response, Plaintiffs argue that neither the Supreme Court nor the Seventh Circuit has held that a plaintiff is precluded from pleading claims under both § 1132(a)(3) and § 1132(a)(1)(B). Plaintiffs contend, despite the courts in *Varity Corp*. and *Mondry* stating that relief is unavailable under section (a)(3) if it is available under section (a)(1)(B), the courts did not hold that a district court must dismiss claims under section (a)(3) where claims under section (a)(1)(B) are pled. Plaintiffs also asserts that *Varity Corp*. bars only duplicate recovery and does not address pleading alternate theories of liability. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014) ("nothing in *Varity Corp.* overrules federal pleading rules..., under such rules, a plaintiff may plead claims hypothetically or alternatively"). Plaintiffs further argue that the Court should deny Anthem's Motion on this issue because it is impossible to determine at the pleading stage whether

equitable relief may be appropriate since questions remain regarding whether Anthem violated Indiana's Autism Mandate, federal MHPAEA, as well as Plaintiffs' other claims.

The Court finds, as Anthem persuasively argues, that equitable relief is not available under ERISA for denial of benefits claims where a plaintiff may recover under § 1132(a)(1)(B). *See Varity Corp.,* 516 U.S. at 515 ("where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate"); *see also Karr v. Dow Agrosciences LLC*, No. 1:10-CV-00975-LJM, 2012 WL 1365438, at *8 (S.D. Ind. Apr. 19, 2012) ("this Court has found § 1132(a)(3) and 29 U.S.C. § 1132(a)(1)(B) to be mutually exclusive"— § 1132(a)(3) acts as a safety net, offering appropriate equitable remedies where 29 U.S.C. § 1132 does not elsewhere adequately remedy). The Court concludes that, because § 1132(a)(1)(B) provides a remedy for Plaintiffs to recover for wrongful denial of benefits, Plaintiffs may not pursue the claim under § 1132(a)(3). Accordingly, Anthem's Motion for partial judgment on Plaintiffs' equitable relief claim for wrongful denial of benefits under Count II of the Complaint is **granted**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Anthem's Motion for Partial Judgment on the Pleadings. ([Filing No. 48.](#)) Accordingly, the Court dismisses Plaintiffs' violation of state law claim for wrongful denial of benefits under Count I, as well as Plaintiffs' equitable relief claim under Count II regarding Anthem's practice of limiting the amount of hours covered for ABA therapy. Count III, the fiduciary duty claim voluntarily withdrawn by Plaintiffs', is dismissed in its entirety. ([Filing No. 1](#).) The claims remaining for trial are:

**Count I**: Plaintiffs' claim that they are entitled to recover benefits because Anthem limited coverage for ABA therapy in violation of federal law.

**Count II**: Plaintiffs' claim to enjoin Anthem from offering providers "take-it-or-leave-it" deals in exchange for participants giving up their right to appeal coverage denials.

**SO ORDERED.**

Date: 2/15/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Kristopher N. Kazmierczak
KATZ & KORIN P.C.
kkaz@katzkorin.com

Sally F. Zweig
KATZ & KORIN P.C.
szweig@katzkorin.com

Martin J. Bishop
REED SMITH LLP
mbishop@reedsmith.com

Rebecca R. Hanson
REED SMITH LLP
rhanson@reedsmith.com

Timothy R. Carwinski
REED SMITH LLP
tcarwinski@reedsmith.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com

Blythe H. Chandler
TERRELL MARSHALL LAW GROUP PLLC
bchandler@terrellmarshall.com

Toby J. Marshall
TERRELL MARSHALL LAW GROUP PLLC
tmarshall@terrellmarshall.com