UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| W. P., a minor by and through his parents and guardians KATHRYN PIERCE and CHESTER PIERCE, on behalf of themselves and similarly situated individuals, and A.B. a minor by and through his parents and guardians MICHAEL BECK AND JOANNE KEHOE, on behalf of themselves and similarly situated individuals,<br><br>                      Plaintiffs,<br><br>                      v.<br><br>ANTHEM INSURANCE COMPANIES INC an Indiana corporation,<br><br>                      Defendant. | Case No. 1:15-cv-00562-TWP-TAB |

## ENTRY ON MOTION TO STRIKE AND
## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Before the Court is a Motion to Strike the Class Allegations of Plaintiff A.B. and his parents, Michael Beck and Joanne Kehoe (collectively "Individual Plan Plaintiffs") (Filing No. 63), filed by Defendant Anthem Insurance Companies Inc. ("Anthem"). Anthem is a health insurance provider. On April 9, 2015, Plaintiff W.P. and his parents, Kathryn and Chester Pierce (collectively "ERISA Plan Plaintiffs"), initiated this putative class action against Anthem under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Filing No. 1.) On September 20, 2016, the ERISA Plan Plaintiffs filed an Amended Complaint, adding the Individual Plan Plaintiffs, as well as their breach of contract and bad faith breach of insurance contract claims. (Filing No. 57.) On October 21, 2016, Anthem moved to strike the Individual Plan Plaintiffs and their claims for lack of standing, contending that A.B. does not have

any ongoing injury or harm as required under Federal Rule of Civil Procedure 23(b)(2)[1]. (Filing No. 63.) In response, the Individual Plan Plaintiffs concede that A.B. lacks standing under Rule 23(b)(2), but request leave to amend the Complaint in order to plead pursuant to Federal Rule of Civil Procedure 23(b)(3)[2]. (Filing No. 66.) For the following reasons, Anthem's Motion to Strike is **GRANTED**, and Plaintiffs' Motion for Leave to File Second Amended Complaint is **GRANTED**.

## I. BACKGROUND

**A.** **Factual Background.**

W.P. is a thirteen year-old who suffers from severe autism. He is the beneficiary of a health insurance plan ("the Plan") sponsored by his father's employer and Anthem is the insurer and claims administrator for the Plan. W.P.'s treating physician prescribed forty hours per week of Applied Behavioral Analysis ("ABA") therapy to treat W.P.'s autism. Anthem initially covered W.P.'s forty hours of ABA therapy but, in July 2013, Anthem reduced the number of covered ABA therapy hours for W.P. to twenty-five hours per week. In July 2014, Anthem further reduced the number of covered hours to twenty hours per week.

A.B. is an eleven year-old who was diagnosed with autism at the age of three. In 2009, A.B.'s parents purchased an individual health insurance plan through Anthem, providing coverage from July 1, 2009 to February 28, 2015. Similar to W.P., A.B.'s treating physician also prescribed forty hours per week of ABA therapy to treat his autism. Anthem initially covered A.B.'s forty

---

[1] "A class action may be maintained if Rule 23(a) is satisfied and if...the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole…" FED. R. CIV. P. 23(B)(2).

[2] "A class action may be maintained if Rule 23(a) is satisfied and if... the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy…" FED. R. CIV. P. 23(B)(3).

hours of ABA therapy but, in October 2013, Anthem reduced the number of covered ABA therapy hours to thirty hours per week. On January 1, 2014, Anthem further reduced the number of covered hours to twenty hours per week.

**B.     Procedural Background.**

Both W.P. and A.B. filed written appeals to Anthem regarding its coverage decisions. In response, Anthem issued written denials of the appeals, upholding its decision to limit the amount of ABA therapy hours it covered. On April 9, 2015, the ERISA Plan Plaintiffs filed a putative class action, asserting that Anthem's policy and practice of limiting coverage for ABA therapy for school-aged children with autism violates ERISA because it fails to comply with state and federal law. ([Filing No. 1](#).) On September 16, 2016, the ERISA Plan Plaintiffs filed an unopposed Motion to amend their Complaint in order to add the Individual Plan Plaintiffs. ([Filing No. 55](#).) The ERISA Plan Plaintiffs also sought to extend the deadlines "to permit Anthem sufficient time to complete discovery related to A.B.'s claims." *Id.* at 5. On September 20, 2016, the Court granted the ERISA Plan Plaintiffs' request and extended the deadline for filing amended pleadings to September 20, 2016, for the sole purpose of filing the First Amended Complaint. ([Filing No. 56](#).) Later that day, the ERISA Plan Plaintiffs filed their Amended Complaint, adding the Individual Plan Plaintiffs, as well as two claims for breach of contract and bad faith breach of insurance contract. ([Filing No. 57](#).) The Amended Complaint states that certification for both classes are proper under Federal Rule of Civil Procedure 23(b)(2). *Id.* at 15.

Thereafter, Anthem moved to strike the Individual Plan Plaintiffs and their claims, contending that A.B. lacks standing because he is no longer a member of Anthem's individual health insurance plan and will not suffer ongoing injury or harm as required under Federal Rule of Civil Procedure 23(b)(2). ([Filing No. 63](#).) In response, the Individual Plan Plaintiffs concede that

3

A.B. lacks standing under Rule 23(b)(2) and request the Court deny Anthem's Motion to Strike as moot, but allow leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 23(b)(3). (Filing No. 65; Filing No. 66.) The ERISA Plan Plaintiffs also request to amend the Complaint to seek class certification pursuant to Rule 23(b)(3). Anthem does not oppose the Individual Plan Plaintiffs' proposed amendment, but objects to the ERISA Plan Plaintiffs' request.

## II. DISCUSSION

The only issue before the Court is whether good cause exists for the ERISA Plan Plaintiffs to amend their pleadings. Generally, leave to amend a pleading is freely given under Federal Rule of Civil Procedure 15(a) if the proposed amendments are timely and not unduly prejudicial or futile. *Shadeland Station Apartments I, LLC v. Realsource Brokerage Servs., L.C.,* No. 1:09-CV-629-WTL-TAB, 2011 WL 1769012, at *1 (S.D. Ind. May 5, 2011). However, after the Case Management Plan deadline, a moving party must show "good cause" to amend a pleading. Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir.1992)).

The ERISA Plan Plaintiffs contend that good cause exists because the failure to include a specific reference to Rule 23(b)(3) in the initial Complaint and the First Amended Complaint was an oversight by their counsel. The ERISA Plan Plaintiffs argue that the Court should grant leave to amend because they diligently pursued discovery and made their motion for leave to amend within two months after adding the Individual Plan Plaintiffs. The ERISA Plan Plaintiffs also assert that amending the Complaint will not disrupt the progress of the case and will allow the

ERISA Plan Plaintiffs the opportunity to fairly present their argument for class certification, as well as their arguments on the merits of the claims.

In response, Anthem relies on *Carroll* and *Alioto* when arguing that the ERISA Plan Plaintiffs failed to satisfy the good cause standard. *Carroll v. Stryker Corp.,* 658 F.3d 675, 684 (7th Cir. 2011) (holding a plaintiff did not show good cause because "ignorance is hardly a valid reason for missing the deadline by [seven] months"); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ) (affirming denial of leave to amend where a party seeking amendment acted with insufficient diligence because he waited to seek leave to amend more than eight months beyond the district court's deadline and he was aware of the deficiencies he sought to amend two months prior to seeking leave). Anthem also asserts that the ERISA Plan Plaintiffs' contention of counsel's oversight does not excuse their delay in seeking to amend their Complaint nearly eleven months after the Court's pleading deadline.

In reply, the ERISA Plan Plaintiffs again contend that they acted with diligence and rely on *Rock* when asserting that the Court should permit them to amend their allegations. *Rock v. Nat'l Collegiate Athletic Ass'n*, No. 1:12-CV-01019-JMS, 2015 WL 329052, at *3-4 (S.D. Ind. Jan. 23, 2015) (holding plaintiff acted with sufficient diligence when moving for leave to amend his complaint in order to change his class definition where discovery issues primarily caused the delay). They further argue that *Carroll* and *Alioto* are distinguishable because in those cases plaintiffs sought leave to amend in order to add substantive factual allegations, new claims, or new parties, but the ERISA Plan Plaintiffs seek leave only to add allegations that certification is procedurally proper under Rule 23(b)(3).

The Court finds that the ERISA Plan Plaintiffs' request for leave to amend is nearly eleven months after the original December 9, 2015 deadline. On September 20, 2016, the Court made

clear that it granted Plaintiffs' unopposed request to extend the deadline for amending pleadings to September 20, 2016, *for the sole purpose of filing the First Amended Complaint* to add the Individual Plan Plaintiffs ([Filing No. 56](#)) (emphasis added). The Court also notes that counsel's oversight is insufficient to prove good cause. *See Carroll*, 658 F.3d at 684. The Court concludes, however, because Anthem knew since April 18, 2016 of the ERISA Plan Plaintiffs' intention to seek class certification under Rule 23(b)(3) ([Filing No. 70-1 at 7](#)), Anthem will not suffer prejudice should the Court grant leave to amend. *See Malibu Media, LLC v. Harrison*, No. 1:12-CV-01117-WTL, 2014 WL 902548, at *2 (S.D. Ind. Mar. 7, 2014) (holding a plaintiff showed good cause to amend the complaint and noting that a defendant would not be prejudiced in having to defend the allegations in the amended complaint). Accordingly, because Anthem will not be prejudiced, the ERISA Plan Plaintiffs' motion for leave to amend is **granted**.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Anthem's Motion to Strike the class allegations of Plaintiff A.B. and his parents, ([Filing No. 63](#)), and **GRANTS** the ERISA Plan Plaintiffs' and the Individual Plan Plaintiffs' Motion for Leave to File Second Amended Complaint. ([Filing No. 66](#).) Plaintiffs are granted leave to file the Second Amended Complaint by no later than **February 21, 2017**.

**SO ORDERED.**

Date: 2/15/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Kristopher N. Kazmierczak
KATZ & KORIN P.C.
kkaz@katzkorin.com

Sally F. Zweig
KATZ & KORIN P.C.
szweig@katzkorin.com

Martin J. Bishop
REED SMITH LLP
mbishop@reedsmith.com

Rebecca R. Hanson
REED SMITH LLP
rhanson@reedsmith.com

Timothy R. Carwinski
REED SMITH LLP
tcarwinski@reedsmith.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com

Blythe H. Chandler
TERRELL MARSHALL LAW GROUP PLLC
bchandler@terrellmarshall.com

Toby J. Marshall
TERRELL MARSHALL LAW GROUP PLLC
tmarshall@terrellmarshall.com