UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| W. P., a minor by and through his parents and guardians KATHRYN PIERCE and CHESTER PIERCE, on behalf of themselves and similarly situated individuals, | )<br>)<br>)<br>)<br>) |
| A.B., a minor by and through his parents and guardians MICHAEL BECK and JOANNE KEHOE, on behalf of themselves and similarly situated individuals, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:15-cv-00562-TWP-TAB |
| ANTHEM INSURANCE COMPANIES, INC., an Indiana corporation, | )<br>)<br>) |
| Defendant. | ) |

## ENTRY ON MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff W.P. and his parents and guardians Kathryn Pierce and Chester Pierce, and A.B and his parents and guardians Michael Beck and Joanne Kehoe's (collectively "Plaintiffs") Motion for Reconsideration or Certification for Interlocutory Review (Filing No. 77). On April 11, 2016, Defendant Anthem Insurance Companies, Inc. ("Anthem") filed a Motion for Partial Judgment on the Pleadings (Filing No. 48). The Court granted Anthem's Motion for Partial Judgment on the Pleadings on February 15, 2017 (Filing No. 72). For reasons stated below, the Court **grants** the Motion for Reconsideration on the issue of Anthem's wrongful denial of Applied Behavioral Analysis ("ABA") therapy hours unrelated to medical necessity, and as a result, **grants in part and denies in part** Anthem's Motion for Partial Judgment on the Pleadings. Having received a favorable ruling on their Motion for

Reconsideration, the Court does not address Plaintiffs' Alternative Request for Certification for Interlocutory Review.

## I. BACKGROUND

The facts of this case as stated in the February 15, 2017 Entry are not disputed and are only summarized in this Entry. In 2001, the Indiana General Assembly amended the Indiana Code, requiring individual and group health insurance policies to provide coverage for autism treatment. *See* Ind. Code § 27-8-14.2. This amendment is known as Indiana's Autism Mandate ("Autism Mandate" or "the statute"). The Autism Mandate provides:

> (a) An accident and sickness insurance policy that is issued on a group basis must provide coverage for the treatment of an autism spectrum disorder of an insured. Coverage provided under this section is limited to treatment that is prescribed by the insured's treating physician in accordance with a treatment plan. An insurer may not deny or refuse to issue coverage on, refuse to contract with, or refuse to renew, refuse to reissue, or otherwise terminate or restrict coverage on an individual under an insurance policy solely because the individual is diagnosed with an autism spectrum disorder.
>
> (b) The coverage required under this section may not be subject to dollar limits, deductibles, or coinsurance provisions that are less favorable to an insured than the dollar limits, deductibles, or coinsurance provisions that apply to physical illness generally under the accident and sickness insurance policy.

Ind. Code Ann. § 27-8-14.2-4.

On March 30, 2006, the Indiana Department of Insurance ("IDOI"), an agency charged with enforcing the Indiana Insurance Code, issued Bulletin 136 interpreting the Autism Mandate. *See* Ind. Ins. Bulletin 136, 2006 WL 1584562 (Mar. 30, 2006). Bulletin 136 states that an insurer has the right to "request an updated treatment plan not more than once every six (6) months from the treating physician to review medical necessity" and "[a]ny challenge to medical necessity will be viewed as reasonable only if the review is by a specialist in the treatment of [autism spectrum disorder]." *Id*. at 1, 3. Bulletin 136 also states that services to treat autism spectrum disorders

"will be provided without interruption, as long as those services are consistent with the treatment plan and with medical necessity decisions." *Id.* at 2. "Service exclusions contained in the insurance policy…that are inconsistent with the treatment plan will be considered invalid…". *Id.*

W.P. is a thirteen year-old who suffers from severe autism. W.P. has limited verbal skills, is unable to navigate stairs without assistance, and frequently exhibits repetitive behaviors including rocking, flapping his arms and hands, and heavy breathing. W.P.'s treating physician prescribed forty hours per week of ABA therapy to treat his autism. In February 2011, W.P. began receiving ABA therapy and his parents observed almost immediate improvements in his ability to walk, use words, and respond appropriately to prompts. W.P.'s repetitive behaviors also decreased.

W.P. is the beneficiary of a health insurance plan ("the Plan") sponsored by his father's employer. Anthem is the insurer and claims administrator for the Plan. Anthem initially covered W.P.'s forty hours per week of ABA therapy but, in July 2013, Anthem reduced the number of covered ABA therapy hours for W.P. to twenty-five hours per week. In July 2014, Anthem further reduced the number of covered hours to twenty hours per week. On April 9, 2015, Plaintiffs filed this putative class action asserting that Anthem's policy and practice of limiting coverage for ABA therapy for school-aged children with autism violates ERISA because it fails to comply with Indiana's Autism Mandate, as well as federal law.

## II. LEGAL STANDARDS

Motions to reconsider serve a limited function, to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales,*

3

*Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). A motion to reconsider is not an occasion to make new arguments. *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

### III. DISCUSSION

In its previous Entry, the Court dismissed Plaintiffs' claim against Anthem for violation of the Autism Mandate because it found that the plain language of the statute does not prohibit Anthem from imposing a cap on the number of ABA therapy hours it covers. Plaintiffs challenge the Court's findings and argue that the Court misunderstood its argument, and based its ruling on a misapprehension of their interpretation of the statute. In particular, Plaintiffs assert that the Court's interpretation of the Autism Mandate is at odds with the IDOI's interpretation.

The Court previously found, as agreed by both parties, that the Autism Mandate language was plain and free from ambiguity. Although the parties agreed that the statute was clear and

unambiguous, Plaintiffs and Anthem offered different interpretations. Anthem argued that the statute only specifically prohibits dollar limits, thereby permitting Anthem to cap the number of ABA therapy hours that it covers. "On its face, the only limitations that this statute places on Anthem are that Anthem cannot restrict coverage 'solely' because of autism spectrum disorder and that Anthem cannot impose 'dollar limits, deductibles, or coinsurance provisions' that it does not apply to physical illness coverage generally." (Filing No. 49 at 7.) The Court discussed Plaintiffs' interpretation at length in its analysis. ("Plaintiffs next argue that, even if the Court considers the merits of Anthem's Motion, the plain language of the Autism Mandate requires insurers to cover *any* 'treatment that is proscribed by the insured's treating physician in accordance with a treatment plan' and precludes the application of quantitative caps on coverage.") (Filing No. 72 at 6-7) (quoting Filing No. 50. at 13) (emphasis in original). Although the Court quoted directly from Plaintiffs' Brief and the word "any" was included just before treatment in the Brief, Plaintiffs now seek to clarify that they did not assert that Anthem must cover *any* treatment for autism included in a treatment plan. Rather, Plaintiffs' position was that Anthem must cover only medically necessary services included in a treatment plan.

The Court did not misapprehend Plaintiffs' interpretation of the Autism Mandate regarding Plaintiffs' argument on the statute's flat-out prohibition on imposing a cap on the number of therapy hours *i.e.*, subsection (b) of the Autism Mandate. There was no manifest error of law or fact in the Court's Order on this point. Nevertheless, even if Plaintiffs meant to limit its position to only medically necessary services, the Court's interpretation of the statute on the *permissibility* of a cap on hours of therapy, would not change because of the statute's plain and unambiguous language. Hours limitations are permissible under the statute.

5

Plaintiffs argue that the Court's failure to explicitly explain why it gave no persuasive weight to the IDOI's interpretation was error and that Bulletin 136 has guided insurance coverage in Indiana for over a decade. The Court's decision rested on the plain language of the Autism Mandate, which was the reason it gave Bulletin 136 no persuasive weight. ("The Court agrees with Anthem and concludes that, even if IDOI's interpretation of the Autism Mandate imposes an hour limitation, the plain language of Indiana's Autism Mandate does not preclude Anthem from capping the number of covered ABA therapy hours.") ([Filing No. 72 at 10](Filing No. 72 at 10).) Additionally, Bulletin 136 prohibits dollar limits and visit limits, but it does not mention hour limits. Plaintiffs argued that these were all synonymous, but the Court never reached the merits of Bulletin 136 because the plain meaning of the Autism Mandate foreclosed judicial interpretation of the permissibility of hours caps.

That being said, the Court agrees that when parsing out subsection (a) the broad language included in this subsection creates some ambiguity. The Court's discussion in its Order focused on the permissibility of a cap on ABA therapy hours, as it understood Plaintiffs' interpretation of the statute to provide insurers to cover *any* treatment proscribed in a patient's treatment plan and to specifically prohibit hours caps. There were two issues covering two different subsections of the Autism Mandate collapsed in the parties' briefings and upon reconsideration, the Court unpacks the medical necessity requirement. Under subsection (a) an insurer may not restrict coverage on an individual under an insurance policy solely because the individual is diagnosed with an autism spectrum disorder. It is clear that subsection (a) provides for broad coverage, however, it also allows for additional restrictions outside of subsection (b)'s specific exclusions. "Coverage provided under this section is limited to treatment that is prescribed by the insured's treating physician in accordance with a treatment plan." Ind. Code Ann. § 27-8-14.2-4(a).

The "medical necessity" language comes from IDOI's interpretation of the Autism Mandate in Bulletin 136, which the Court did not interpret in reaching its decision regarding the permissibility of the hours limitations. In Plaintiffs' Response in Opposition to Anthem's Motion for Partial Judgment on the Pleadings, Plaintiffs summarized their argument as:

> In sum, when the statute is read as a whole, it requires an insurer to cover treatment for an autism spectrum disorder that is included in a treatment plan approved by the child's treating provider and specifically precludes the application of certain quantitative caps on coverage. Nothing in the statute suggests that an insurer can adopt a cap on the number of hours of ABA therapy it will cover to treat an autism spectrum disorder that is unrelated to the medical necessity of the plan.

([Filing No. 50 at 13-14](Filing No. 50 at 13-14)). The Court adopts Bulletin 136's interpretation insofar as it clarifies the kinds of services that insurers may restrict. "The Department of Insurance recognizes the insurer's or HMO's right to review the services prescribed under the treatment plan as to medical necessity." Ind. Ins. Bulletin 136, 2006 WL 1584562 (Mar. 30, 2006).

Indiana courts defer to an administrative agency's interpretation of a statute that the agency is charged with enforcing. "An interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless the interpretation would be inconsistent with the statute itself." *LTV Steel Co. v. Griffin,* 730 N.E.2d 1251, 1257 (Ind. 2000). The Autism Mandate does not specifically preclude hours caps and it also does not provide that dollar limitations are the *only* impermissible restrictions.

Bulletin 136 speaks on the gray area that hours limitations fall under. Although the statute allows for hours limitations, insurers must provide for services that are consistent with the treatment plan and medical necessity decisions under subsection (a) of the Autism Mandate. Bulletin 136 resolves the permissible restrictions insurers may place on coverage *i.e.,* restrictions related to lack of medical necessity. Although Plaintiffs propositioned that hours limits were completely and specifically prohibited by the statute, Plaintiffs also referred to the medical

7

necessity aspect in its Response in Opposition (Filing No. 50). Because restrictions in coverage (hours caps) of services included in a patient's treatment plan as medically necessary may violate the Autism Mandate, Anthem must still show that its denial of additional ABA hours rested on considerations of medical necessity. Anthem contends that it will demonstrate at trial, that its hours caps were based on medical necessity criteria which resulted in fewer hours than requested because mandated services are available in public schools. (Filing No. 78 at 4 n.2.) Further, as previously discussed, Bulletin 136 prohibits dollar and visit caps, but makes no mention of caps on the number of covered ABA therapy hours.

In light of the medical necessity analysis, the Court concedes that it made an error of apprehension. Under the plain meaning of the statute, hours limitations are permitted under subsection (b) of the Autism Mandate. However, hours limitations must comply with the broad mandate of subsection (a) and Bulletin 136's interpretation which places an affirmative duty on insurers to provide coverage for medical necessity treatments proscribed by a provider in the patient's treatment plan.

## IV. CONCLUSION

Plaintiffs' Motion for Reconsideration (Filing No. 77) is **GRANTED** for the limited purpose discussed herein. The alternative request for Certification and Interlocutory Appeal is **DENIED** as moot. The Motion for Partial Judgment on the Pleadings (Filing No. 48) is now **GRANTED in part** and **DENIED in part**. Counts I and II are reinstated to the extent that Plaintiffs assert that Anthem wrongfully denied ABA therapy hours for non-medical reasons in violation of the Indiana Autism Mandate. Having reinstated the state law claims for violation of the Autism Mandate, Counts I and II remain for trial. Count II's equitable relief claim for wrongful denial and Count III in its entirety remain dismissed.

**SO ORDERED.**

Date: 11/8/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Blythe H. Chandler
TERRELL MARSHALL LAW GROUP PLLC
bchandler@terrellmarshall.com

Toby J. Marshall
TERRELL MARSHALL LAW GROUP PLLC
tmarshall@terrellmarshall.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Kristopher N. Kazmierczak
KATZ & KORIN P.C.
kkaz@katzkorin.com

Sally F. Zweig
KATZ & KORIN P.C.
szweig@katzkorin.com

Martin J. Bishop
REED SMITH LLP
mbishop@reedsmith.com

Rebecca R. Hanson
REED SMITH LLP
rhanson@reedsmith.com

Timothy R. Carwinski
REED SMITH LLP
tcarwinski@reedsmith.com