## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| W.P., a minor, by and through his parents and guardians KATHRYN PIERCE and CHESTER PIERCE, and A.B., a minor, by and through his parents and guardians, MICHAEL BECK AND JOANNE KEHOE, on behalf of themselves and similarly situated individuals,<br><br>                Plaintiffs,<br><br>   vs.<br><br>ANTHEM INSURANCE COMPANIES, INC., an Indiana corporation,<br><br>                Defendant. | NO. 1:15-cv-00562-TWP-TAB |

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF AMENDMENT TO SETTLEMENT AGREEMENT

WHEREAS, the Court previously found upon preliminary consideration that the parties' Settlement Agreement appears fair, reasonable, and adequate, and that a hearing should be held after notice to the Class in order to confirm that the settlement is fair, reasonable, and adequate, and to determine whether a final approval order and judgment should be entered in this Action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing"). *See* Filing No. 91 ("Preliminary Approval Order").

WHEREAS, after the Court entered the Preliminary Approval Order, the parties discovered approximately sixty-two individuals who qualify for inclusion in the Settlement Class but were inadvertently omitted from the list of individuals mailed notice, and the parties negotiated an Amendment to the Agreement as a result.

**THEREFORE, THE COURT FINDS, CONCLUDES, AND ORDERS AS FOLLOWS:**

1. The parties have been diligent in meeting the deadlines set by the Preliminary Approval Order.

2. After the Court entered the Preliminary Approval Order, the parties discovered Additional Class Members[1] who were inadvertently omitted from the list of individuals initially sent notice of the Agreement.

3. Since discovering this inadvertent omission, the parties have engaged in arm's-length negotiations and agreed to amend the Agreement to address the Additional Class Members. The Amendment to the Agreement is Exhibit 1 to the Declaration of Toby J. Marshall in support of Plaintiff's Unopposed Motion for Preliminary Approval of the Amendment to the Settlement Agreement ("Marshall Decl."). Under the Amendment, Anthem has agreed to increase the settlement fund by $325,000 in consideration for the release of claims by the Additional Class Members.

4. The Court previously found that the proposed settlement class qualifies for preliminary certification under Rule 23. Filing No. 91. The Amendment to the Agreement has no impact on that finding.

5. The Court preliminarily found that the Agreement is fundamentally fair, adequate, and reasonable. Filing No. 91. The Court preliminarily finds the Amendment to the Agreement is fundamentally fair, adequate and reasonable because it provides the same benefits to the

---

[1] All capitalized terms used in this Order and not otherwise defined herein shall have the meanings assigned to them in the Settlement Agreement and Amendment to the Settlement Agreement.

Additional Class Members as it provides to those members of the class who were sent the initial notice.

6. The Court approves the proposed form of notice and notice plan for giving direct notice to the Additional Class Members by U.S. Mail as set forth in the Amendment, the Agreement, and its attached Exhibit A ("Notice Plan"). The Settlement Administrator shall send the class notice to the Additional Class Members within 14 days of the date of this Order.

7. The Court orders Anthem to provide to the Settlement Administrator and Class Counsel the names, addresses, and email addresses, if known, of Additional Class Members and the subscribers of their benefit plans for the purpose of the provision of class notice, within five days following entry of this Order.

8. The Court also approves the proposed supplemental notice advising Class Members who were previously sent notice of the settlement of the Amendment and the new date of the Final Fairness Hearing. Marshall Decl., Ex. 2. The Settlement Administrator shall mail the supplemental notice within 14 days of the date of this Order.

9. Additional Class Members may exclude themselves from the settlement by advising the Settlement Administrator in writing no later than October 16, 2018 ("Second Opt-Out Deadline"), which is at least sixty (60) days after the date notice is sent to the Additional Class Members. All such writings must be signed and, if mailed, must be postmarked no later than the Second Opt-Out Deadline. Class members who were sent the initial notice of the settlement and did not timely exclude themselves from the settlement may not do so now.

10. All Additional Class Members who do not exclude themselves as set forth in the preceding paragraph shall be eligible to receive a Pro Rata Share of the Settlement Class Payment, if the Court enters an order granting final approval of the Settlement.

11.     Any Additional Class Member who desires to object to the fairness of this settlement must file a written objection with the Court by October 16, 2018 ("Objection Deadline"), which is at least sixty (60) days from the date notice is mailed to the Additional Class Members. The objection must provide the objector's name (or initials, if the objecting Class member is a minor child), address, and the reason(s) for the objection. The Court will accept any Class Member's objection to Class Counsel's amended application for an award of attorneys' fees and out-of-pocket costs, and an application for service awards to Plaintiffs, so long as the objection is filed with the Court by October 16, 2018.

12.     Anyone who properly objects, as described herein, may appear at the Final Approval Hearing, including through an attorney hired at the objector's expense. Such objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of appearance with this Court no later than ten (10) days prior to the Final Approval Hearing. Any member of the Class who fails to comply with this provision shall waive and forfeit any and all rights to appear and/or object separately, and shall be bound by the terms of this settlement and the orders and judgments of this Court. Class Counsel shall file responses to any valid objections no later than fourteen (14) days prior to the Final Approval Hearing. Defendant's counsel also may file responses, but no later than fourteen (14) days prior to the Final Approval Hearing.

13.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure a hearing will be held before this Court to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether a settlement order and final judgment under this settlement should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the

application for service awards to the class representatives; to consider the distribution of the Settlement Fund pursuant to the Agreement; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Class Members.

14. The Final Approval Hearing is scheduled for November 13, 2018 at 10:00 a.m.

15. All memoranda and other submissions in support of the Settlement shall be filed no later than October 30, 2018.

16. All notice and Settlement Administration expenses shall be paid from the Settlement Fund pursuant to the Agreement.

17. On or before September 14, 2018, Class Counsel shall file and serve an amended application for an award of attorneys' fees and out-of-pocket costs, and an application for service awards to Plaintiffs. Class Counsel will provide a copy of the motion and any supporting documentation to any Class Member who requests a copy.

18. All Additional Class Members, will be bound by all orders pertaining to the settlement unless such persons request exclusion from the Class. Additional Class Members who do not timely and validly request exclusion shall be so bound, even if they have previously or subsequently initiated individual litigation or other proceedings against the Released Parties relating to the Released Claims.

19. Additional Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval and partake in this settlement.

20. This Order and the settlement are not admissions or concessions by Defendant of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This

Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

  IT IS HEREBY ORDERED.

Date: 8/1/2018

                _____
                Hon. Tanya Walton Pratt, Judge
                United States District Court
                Southern District of Indiana

Distribution to all electronically
registered counsel of record via
CM/ECF